# EXHIBIT "A"
## Complaint, Summons and Affidavit of Service on Sixt Rent a Car

Electronically Filed
11/29/2018 10:28 AM
Steven D. Grierson
CLERK OF THE COURT

1   **COMP**
STEVE DIMOPOULOS, ESQ.
2   Nevada Bar No. 12729
GARNET E. BEAL, ESQ.
3   Nevada Bar No.: 12693
DIMOPOULOS INJURY LAW
4   6830 S. Rainbow Blvd., Suite 200
Las Vegas, NV 89118
5   O: (702) 800-6000
F: (702) 224-2114
6   gb@stevedimopoulos.com
*Attorneys for Plaintiff*

7

### DISTRICT COURT

8

### CLARK COUNTY, NEVADA

9

10   LYSCOTT KENWIN DURANT, individually,

11          Plaintiff,

12      vs.

13   TIPKAMOL KIDKAN, individually; SIXT RENT A
CAR, LLC; A foreign Limited-Liability
14   Company; DOE INDIVIDUALS 1-20, inclusive;
and ROE CORPORATIONS 1-20, inclusive,
15

16          Defendants.

CASE NO.:
DEPT NO.:

A-18-785175-C

Department 18

**COMPLAINT**

17

18          Plaintiff Lyscott Kenwin Durant, by and through his counsel, GARNET E. BEAL, ESQ. of

19   the DIMOPOULOS INJURY FIRM, and for his Complaint against the Defendants, and each of

20   them alleges as follows:

21                          **GENERAL ALLEGATIONS**

22          1.      At all times relevant herein, Plaintiff Lyscott Kenwin Durant ("Plaintiff") is and was

23   a resident of Clark County, State of Nevada.

24          2.      Upon information and belief at all times relevant herein Defendant Tipkamol

25   Kidkan ("Defendant") is and was a resident of the Thailand.

26          3.      That at all times relevant herein, Defendant SIXT RENT A CAR, LLC ("SIXT") was

27   and remains a foreign corporation authorized to conduct business in Clark County, Nevada.

28   . . .

DIMOPOULOS
INJURY LAW

6830 S. Rainbow Blvd. #200 • Las Vegas, NV 89118 • Phone: 702.800.6000 • Fax: 702.224.2114

4.     The true names and capacities of Defendants named herein as DOES I through X, and ROE BUSINESS ENTITIES I through X, whether individual, corporate, associate, or otherwise, are presently unknown to Plaintiff, who, therefore, sues said defendants so designated herein is responsible in some manner for the events and occurrences referred to herein alleged, and Plaintiff will request leave of Court to amend this Complaint to insert the true names and capacities of DOES I through X, and ROE BUSINESS ENTITIES I through X, when the same have been ascertained and to join such defendants in this action.

5.     At all times relevant herein, Plaintiff was the operator of a 2014 Chrysler 300 bearing Nevada license plate DVC751.

6.     At all times relevant herein, Defendant was the operator of a 2018 Mercedes bearing California license plate 8ANS500.

7.     At all times relevant herein, Defendant Sixt was the registered owner of vehicle being driven by Defendant.

8.     On or about January 13, 2018, the Plaintiff was operating his vehicle westbound on Tropicana off IR 215 in the #2 left turn lane in Las Vegas, Clark County, Nevada.

9.     At the same time, Defendant, who was operating his vehicle eastbound on Tropicana in the #3 travel lane, failed to yield to Plaintiff's vehicle, failed to obey a red turn arrow, proceeded through the intersection causing his vehicle to strike Plaintiff's vehicle. The impact caused Plaintiff to sustained personal injuries as set forth herein.

10.     At all times mentioned herein, Defendant Sixt had a statutory obligation under Nevada law to provide insurance coverage for the subject vehicle which Sixt rented to Defendant.

## FIRST CLAIM FOR RELIEF

### (NEGLIGENCE)

Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 10, as though fully set forth herein.

11.     On or about January 13, 2018, the Defendant had a duty to operate his vehicle in a careful and prudent manner.

DIMOPOULOS INJURY LAW

6830 S. Rainbow Blvd. #200 • Las Vegas, NV 89118 • Phone: 702.800.6000 • Fax: 702.224.2114

12.     Defendant breached this duty when he operated his vehicle in a negligent, careless and reckless manner when he failed to pay full attention to driving, failed to obey the red turn traffic signal, failed to yield to Plaintiff's vehicle thereby causing damages and injuries to Plaintiff.

13.     By reason of the premises and as a direct and proximate result thereof, Plaintiff sustained injuries to his head, neck, back, bodily limbs, organs, and systems all or some of which conditions may be permanent and disabling in nature, all to his general damage in a sum in excess of $15,000.

14.     By reasons of the premises and as a direct and proximate result of the aforementioned, Plaintiff was required to and did receive medical and other treatment for his injuries received in an expense all to his damage in a sum in excess of $15,000. Said services, care, and treatment are continuing and shall continue in the future, at a presently unascertainable amount, and Plaintiff will amend his Complaint accordingly when the same shall be ascertained.

15.     Prior to the injuries complained herein, Plaintiff was an able bodied person readily and gainfully employed and physically capable of engaging in all other activities for which he was otherwise suited.

16.     By reason of the premises and as a direct and proximate result of the Defendants' negligence, Plaintiff has been required to and did lose time from his employment, continues to and shall continue to be limited in each of his activities and occupations which has caused and shall continue to cause Plaintiff's loss of earnings and earning capacity to Plaintiff's damage in a presently unascertainable amount. In this regard, Plaintiff asks leave of this Court to insert said amount when the same shall be fully ascertained.

17.     Plaintiff has been compelled to retain the services of an attorney to prosecute this action and is, therefore, entitled to reasonable attorney's fees and costs incurred herein.

. . .

. . .

. . .

DIMOPOULOS
INJURY LAW

6830 S. Rainbow Blvd. #200 ● Las Vegas, NV 89118 ● Phone: 702.800.6000 ● Fax: 702.224.2114

## SECOND CLAIM FOR RELIEF

### (NEGLIGENCE PER SE)

Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 17, as if fully set forth herein.

18.    Defendant had a duty to operate his vehicle in accordance with the traffic laws of the State of Nevada.

19.    Defendant violated the laws of the State of Nevada by operating his vehicle in a negligent, careless and reckless manner, by failing to pay full attention to driving, failing to obey the red turn traffic signal, failing to yield to Plaintiff's vehicle thus striking Plaintiff's vehicle, thereby causing damages and injuries to Plaintiff. Thus, Defendant is negligent per se.

20.    By reason of the premises and as a direct and proximate result thereof, Plaintiff sustained injuries to his head, neck, back, bodily limbs, organs, and systems all or some of which conditions may be permanent and disabling in nature, all to his general damage in a sum in excess of $15,000.

21.    By reasons of the premises and as a direct and proximate result of the aforementioned, Plaintiff was required to and did receive medical and other treatment for his injuries received in an expense all to his damage in a sum in excess of $15,000. Said services, care, and treatment are continuing and shall continue in the future, at a presently unascertainable amount, and Plaintiff will amend his Complaint accordingly when the same shall be ascertained.

22.    Prior to the injuries complained herein, Plaintiff was an able bodied person readily and gainfully employed and physically capable of engaging in all other activities for which he was otherwise suited.

## THIRD CLAIM FOR RELIEF

### (NEGLIGENT ENTRUSTMENT)

Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 22, as if fully set forth herein.

. . .

DIMOPOULOS
INJURY LAW

6830 S. Rainbow Blvd. #200 ● Las Vegas, NV 89118 ● Phone: 702.800.6000 ● Fax: 702.224.2114

23.     Defendant Sixt said vehicle to Defendant when he allowed him to drive said vehicle.

24.     Defendant Sixt knew or should have known that Defendant lacked the skill and necessary training in operating a motor vehicle entrusted to her. As such, Defendant Sixt knew or should have known of the significant hazards arising from the operation of said motor vehicle on public streets.

25.     Defendant Sixt knew or should have known that the entrustment of said vehicle to Defendant would inflict damages to persons and property using public streets, including Plaintiff.

26.     Defendant Sixt had a duty to only entrust said vehicle to qualified and competent drivers.

27.     Defendant Sixt breached this duty when he entrusted the vehicle to Defendant.

28.     By reason of the premises and as a direct and proximate result thereof, Plaintiff sustained injuries to his head, neck, back, bodily limbs, organs, and systems all or some of which conditions may be permanent and disabling in nature, all to his general damage in a sum in excess of $15,000.

29.     By reasons of the premises and as a direct and proximate result of the aforementioned, Plaintiff was required to and did receive medical and other treatment for her injuries received in an expense all to her damage in a sum in excess of $15,000. Said services, care, and treatment are continuing and shall continue in the future, at a presently unascertainable amount, and Plaintiff will amend his Complaint accordingly when the same shall be ascertained.

30.     Prior to the injuries complained herein, Plaintiff was an able bodied person readily and gainfully employed and physically capable of engaging in all other activities for which he was otherwise suited.

. . .

. . .

. . .

DIMOPOULOS
INJURY LAW

6830 S. Rainbow Blvd. #200 • Las Vegas, NV 89118 • Phone: 702.800.6000 • Fax: 702.224.2114

WHEREFORE, Plaintiff Lyscott Kenwin Durant prays for judgment on all claims for relief as follows:

1.   General damages in excess of $15,000.00.

2.   Special damages in excess of $15,000.00.

3.   Lost wages in an amount yet to be determined.

4.   Costs of suit incurred including reasonable attorneys' fees.

5.   For such other relief as the Court deems just and proper.

DATED THIS _28_ day of November, 2018.

DIMOPOULOS INJURY LAW

GARNET E. BEAL, ESQ.
Nevada Bar No. 12693
6830 South Rainbow Boulevard, #200
Las Vegas, NV 89118
Attorneys for Plaintiff

Electronically Issued
12/3/2018 11:00 AM

SUMM

# District Court
## CLARK COUNTY, NEVADA

LYSCOTT KENWIN DURANT, individually,

Plaintiff,

vs.

TIPKAMOL KIDKAN, individually; SIXT RENT A CAR, LLC; A foreign Limited-Liability Company; DOE INDIVIDUALS 1-20, inclusive; and ROE CORPORATIONS 1-20, inclusive,

Defendants.

CASE NO.: A-18-785175-C
DEPT NO.: 18

**SUMMONS TO
SIXT RENT A CAR, LLC**

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT(S):** A civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

## SIXT RENT A CAR, LLC

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:
   (a)   File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.
   (b)   Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint

Submitted by:

_8047 fr._

GARNET E. BEAL, ESQ.
Nevada Bar No.: 12693
DIMOPOULOS INJURY LAW
6830 S. Rainbow Blvd., Suite 200
Las Vegas, NV 89118
O: (702) 800-6000
*Attorneys for Plaintiff*

STEVEN D. GRIERSON
CLERK OF COURT

By: _____          12/3/2018
DEPUTY CLERK                            Date
Regional Justice Center
200 Lewis Avenue
Las Vegas, NV 89155
**Alexander Banderas**

**AFFIDAVIT OF SERVICE**

Electronically Filed
12/12/2018 5:31 PM
Steven D. Grierson
CLERK OF THE COURT
Job:

| Case:<br>A-18-785175-C | Court:<br>Eighth Judicial District Court | County:<br>Clark, NV |
|---|---|---|
| Plaintiff / Petitioner:<br>Durant | | Defendant / Respondent:<br>Kidkan, et al. |
| Received by:<br>Serve Vegas LLC | | For:<br>Dimopoulos Injury Law |
| To be served upon:<br>Sixt Rent A Car, LLC | | |

I, Jack Riley, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**    Marcie Wyatt, Company: 8275 S Eastern Ave #200, Las Vegas, NV 89123

**Manner of Service:**    Registered Agent, Dec 4, 2018, 10:30 am PST

**Documents:**    Summons and Complaint

**Additional Comments:**
1) Successful Attempt: Dec 4, 2018, 10:30 am PST at Company: 8275 S Eastern Ave #200, Las Vegas, NV 89123 received by Marcie Wyatt. Age: 36; Ethnicity: Caucasian; Gender: Female; Weight: 140; Height: 5'7"; Hair: Brown; Eyes: Brown;
Pursuant to NRS 14.020 Documents were served by leaving a true copy, with the person stated above, who is a person of suitable age and discretion at the most recent address of the registered agent shown on the information filed with the Secretary of State.

I declare under penalty of perjury that the foregoing is true and correct.

_____    12/04/2018
Jack Riley                Date
R-045599

Serve Vegas LLC
9811 W. Charleston Blvd 2-732
Las Vegas, NV 89117
702-334-3454