STEVEN T. JAFFE, ESQ.
Nevada Bar No. 007035
sjaffe@lawhjc.com
MONTE HALL, ESQ.
Nevada Bar No. 000239
montehall@lawhjc.com

**HALL JAFFE & CLAYTON, LLP**
7425 PEAK DRIVE
LAS VEGAS, NEVADA 89128-4338
(702) 316-4111
FAX (702) 316-4114

*Attorneys for Defendants Sixt Rent a Car, LLC and Tipkamol Kidkan*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LYSCOTT KENWIN DURANT, individually,<br><br>Plaintiff,<br><br>vs.<br><br>TIPKAMOL KIDKAN, individually; SIXT RENT A CAR, LLC; A foreign Limited Liability Company; DOE INDIVIDUALS 1-20, inclusive; and ROE CORPORATIONS 1-20;<br><br>Defendants. | CASE NO. 2:19-cv-00235-GMN-VCF<br><br>**TIPKAMOL KIDKAN'S ANSWER TO COMPLAINT**<br><br>JURY DEMANDED |

COMES NOW Defendant, TIPKAMOL KIDKAN, by and through her attorneys STEVEN T. JAFFE, ESQ. and MONTE HALL, ESQ. of HALL JAFFE & CLAYTON, LLP and hereby answers Plaintiff's Complaint as follows:

**GENERAL ALLEGATIONS**

1. Answering Paragraphs 1, 4, 5, 7 and 8 of the Complaint, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained therein, and accordingly, those allegations are hereby denied.

2. Answering Paragraphs 2, 3 and 6 of the Complaint, this Answering Defendant admits all allegations contained therein.

3. Answering Paragraph 9 of the Complaint, this Answering Defendant denies all

allegations.

4. Answering Paragraph 10 of the Plaintiff's Complaint, this party pleads that the allegations call for legal conclusions to which this party may not properly plead its answer, and accordingly, denies the allegations.

## FIRST CLAIM FOR RELIEF
### (Negligence)

Answering the Complaint, this Answering Defendant repeats and realleges its answers and responses to paragraphs 1 through 10 as if more fully set forth herein, and thereby incorporate them.

5. Answering Paragraph 11 of the Plaintiff's Complaint, this party generally admits owing a duty to operate his vehicle within the applicable standard of care and denies the remaining allegations.

6. Answering Paragraphs 12 and 17 of the Complaint, this Answering Defendant denies all allegations.

7. Answering Paragraphs 13, 14, 15, and 16 of the Complaint, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations regarding injuries and damages contained therein, and accordingly, those allegations are hereby denied. This Answering Defendant denies the remaining allegations contained therein, and demands strict proof of all alleged damages.

## SECOND CLAIM FOR RELIEF
### (Negligence Per Se)

Answering the Complaint, this Answering Defendant repeats and realleges its answers and responses to paragraphs 1 through 17 as if more fully set forth herein, and thereby incorporate them.

8. Answering Paragraph 18 of the Plaintiff's Complaint, this party generally admits owing a duty to operate his vehicle within the applicable standard of care and denies the remaining allegations.

9. Answering Paragraph 19 of the Complaint, this Answering Defendant denies all allegations.

10. Answering Paragraphs 20, 21 and 22 of the Complaint, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations regarding injuries and damages contained therein, and accordingly, those allegations are hereby denied. This Answering Defendant denies the remaining allegations contained therein, and demands strict proof

of all alleged damages.

## THIRD CLAIM FOR RELIEF
### (Negligent Entrustment)

Answering the Complaint, these Answering Defendants repeat and reallege their answers and responses to paragraphs 1 through 22 as if more fully set forth herein, and thereby incorporate them.

11.   Answering Paragraphs 23, 24, 25, 26 and 27 of the Complaint, this Answering Defendant denies all allegations.

12.   Answering Paragraphs 28, 29 and 30 of the Complaint, this Answering Defendant is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations regarding injuries and damages contained therein, and accordingly, those allegations are hereby denied. This Answering Defendant denies the remaining allegations contained therein, and demands strict proof of all alleged damages.

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses in this case, this Answering Defendant asserts the following:

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff has failed to timely plead this matter and has delayed the investigation and litigation of this claim to the prejudice of Defendant. Accordingly, this action should be dismissed.

### SECOND AFFIRMATIVE DEFENSE

Defendant alleges that this Court lacks in personal jurisdiction over the Defendant.

### THIRD AFFIRMATIVE DEFENSE

Defendant alleges that there has been insufficiency of process and as a result, Defendant has been prejudiced in this litigation.

### FOURTH AFFIRMATIVE DEFENSE

Defendant alleges that there has been insufficiency in the service of process and as a result, Defendant has been prejudiced in this litigation.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against the Defendant upon which relief can be granted.

## SIXTH AFFIRMATIVE DEFENSE

The cause of action set forth in the Complaint is subject to dismissal for failure to join a necessary and indispensable party pursuant to NRCP 19.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that the collision alleged in the Complaint, and the alleged damages and injuries, if any, to Plaintiff, were proximately caused or contributed to by Plaintiff's own negligence and such negligence was greater than any of the Defendant's negligence.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages and, thus, monetary recovery, if any, should be reduced accordingly.

## NINTH AFFIRMATIVE DEFENSE

The Complaint and each and every purported cause of action in the Complaint fails to state facts sufficient to constitute a cause of action or to state a claim on which relief can be granted against Defendants.

## TENTH AFFIRMATIVE DEFENSE

Defendant, without negligence on his part, was suddenly and unexpectedly confronted with peril arising from the actual presence of or appearance of imminent danger to himself or others and utilized reasonable care in responding to such emergency and therefore, Defendant's conduct is excused.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff was involved in a prior accident or other form of traumatic event which caused the injuries of which he complains, and Plaintiff must either prove causation or apportion damages, or Plaintiff will fail to establish causation as a matter of law.

## TWELFTH AFFIRMATIVE DEFENSE

The accident which is the subject matter of this action was unavoidable, wherefore, Plaintiff is barred from any recovery against this Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff is barred from bringing this claim as all consequences of this claim were avoidable.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that the injuries, if any, suffered by the Plaintiff as set forth in the Plaintiff's Complaint were caused in whole or in part by the negligence of a third party over whom Defendant had no control.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering any special damages herein for failure to specifically allege the items of special damages claims, pursuant to NRCP 9(g).

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries and problems, as alleged herein, pre-existed the accident at issue in this matter, thereby barring or limiting recovery.

## SEVENTEENTH AFFIRMATIVE DEFENSE

This Answering Defendant is owed indemnity by another entity for the injuries and damages alleged herein.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff does not belong to the class of persons a statute was designed to protect, and the Plaintiff's claimed injury is not the type any statute was intended to protect.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff violated the laws of the State of Nevada designed to protect this Answering Defendant, proximately, causing the damages of which he complains herein.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs, another party, or some other person or entity has intentionally or negligently destroyed critical evidence, thereby constituting spoliation of evidence, to this Defendant's prejudice.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Plaintiff's medical costs derive from unreasonable or unnecessary treatment, such costs are not usual and customary, and such costs and treatment are presented solely to improperly attempt to increase the value of this case.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The Plaintiff, or their agent, is barred from asserting any claims against this answering Defendant

because the alleged damages were the result of a superceding intervening cause.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The events alleged were not reasonably foreseeable to this Defendant, and therefore, it cannot be liable to this Plaintiff.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

By admitting that its employee was in the course and scope of employment at the time of the accident, no alternative theory of liability may survive against the employer and such theories may not be maintained in this action.

**ANY OTHER MATTER CONSTITUTING AN AVOIDANCE OR AFFIRMATIVE DEFENSE.**

Defendant reserves its right to assert additional affirmative defenses in the event discovery indicates that additional affirmative defenses would be appropriate.

WHEREFORE, Defendant requests that:

a. Plaintiff take nothing by this action;

b. A judgment of dismissal be entered in favor of Defendant;

c. Defendant be awarded the costs of suit incurred; and

d. Defendant be awarded such other and further relief as the court deems just and proper.

DATED this 26 day of June, 2019.

HALL JAFFE & CLAYTON, LLP

By _____
STEVEN T. JAFFE, ESQ.
Nevada Bar No. 007035
MONTE HALL, ESQ.
Nevada Bar No. 00239
7425 Peak Drive
Las Vegas, Nevada 89128
*Attorneys for Defendants*
*Sixt Rent a Car, LLC and*
*Tipkamol Kidkan*

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that I am an employee of HALL JAFFE & CLAYTON, LLP and that on the 26 day of June, 2019, the foregoing TIPKAMOL KIDKAN'S ANSWER TO COMPLAINT was served upon the parties via the Court's e-filing and service program, addressed as follows:

> Steve Dimopoulos, Esq.
> Garnet E. Beal, Esq.
> DIMOPOULOS INJURY LAW
> 6830 S. Rainbow Blvd., Ste. 200
> Las Vegas, NV 89118
> *Attorneys for Plaintiff*

_____
An Employee of HALL JAFFE & CLAYTON, LLP